# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Denise K. Jones,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:17-cv-339

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On July 6, 2018, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court overrule Denise K. Jones's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner's decision in this social security case. R&R, ECF No. 12. Plaintiff objects to the R&R. Obj., ECF No. 13. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income on September 3, 2013, with an alleged onset date of June 1, 2009. Her applications were denied initially and on reconsideration. She then sought a *de novo* hearing before an administrative law judge ("ALJ"), who, after holding the hearing, determined that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff thereafter filed suit in this Court.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'"

*Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III. ANALYSIS

As a threshold matter, the Court construes Plaintiff's objection as two distinct objections. Plaintiff appears to object to the ALJ's failure to provide good reasons for rejecting Dr. Iben's opinion regarding the amount of weight that Plaintiff could lift or carry. Separately, she appears to object to the ALJ's residual functional capacity ("RFC") determination regarding Plaintiff's ability to reach.

First, Plaintiff contends that the R&R incorrectly determined that the ALJ offered good reasons for rejecting Dr. Iben's opinion as to the weight Plaintiff could lift or carry. Plaintiff contends that the only justification the ALJ offered for giving Dr. Iben's opinion little weight is that, despite Plaintiff's decreased range of motion in the spine, she had a normal gait and no neurological problems. Plaintiff contends that those facts do not support giving little weight to the specific portion of Dr. Iben's opinion that Plaintiff could lift and carry no more than ten pounds and could do so only occasionally. Plaintiff argues that the fact that she had no problems with her gait has nothing to do with her ability to lift or carry weight and therefore is not a good reason for rejecting this specific opinion.

Plaintiff's objection lacks merit. First, the ALJ did not offer Plaintiff's normal gait and lack of neurological problems as the only reasons for giving Dr. Iben's

opinion little weight. He also noted that the objective medical evidence showed that Plaintiff had "full range of motion in all extremities with no motor or sensory deficits." ECF No. 9-2, at PAGEID # 64. Further, the ALJ found that Dr. Iben's own treatment notes did not support the limitations contained in his opinion. Moreover, the ALJ considered the medical record from Adena Health that Plaintiff contends supports the weight restriction and correctly found that the instruction was a temporary limitation "and not intended to be representative of [Plaintiff's] baseline of functioning." *Id.* at PAGEID # 65 (citing Ex. 6F, at PAGEID # 536). The Court finds that the ALJ therefore offered sufficient reasons for giving little weight to Dr. Iben's opinion as a whole, including the limitation that Plaintiff could lift or carry no more than ten pounds.[1]

The Court next considers Plaintiff's ability to reach. Dr. Iben opined that Plaintiff could never reach in any direction. Ex. 9F, ECF No. 9-7, at PAGEID # 552. The ALJ gave little weight to Dr. Iben's entire opinion and included a lesser "reaching" limitation in the RFC, finding that Plaintiff could frequently reach in all directions. ECF No. 9-2, at PAGEID # 63. Plaintiff argues that the ALJ, however, failed to explain why he imposed the lesser limitation as opposed to a limitation of no reaching.

Plaintiff's objection fails because the ALJ adequately explained the basis for the limitation in reaching—namely, Plaintiff's normal range of motion. Specifically,

---

[1] The Court also notes that, although the form that comprises Dr. Iben's opinion provides a space for Dr. Iben to identify the medical or clinical findings that support his weight limitation, he failed to identify any support for that limitation. Ex. 9F, at PAGEID # 550.

Dr. Iben's opinion on the matter was based on Plaintiff's subjective report of shoulder pain and a supposed reduced range of motion. Ex. 9F, ECF No. 9-7, at PAGEID # 552. As the ALJ notes, however, the record evidence regarding range of motion of her extremities repeatedly documented a normal range of motion in all of Plaintiff's extremities except for one instance when Plaintiff injured her shoulder due to a fall. See Exs. 2F, at PAGEID ## 477–78; 3F, at PAGEID # 514; 6F, at PAGEID ## 531, 534; 24F, at 27. The multiple findings of normal range of motion, and the lack of any treatment notes indicating a sustained reduced range of motion in the extremities, constitute substantial evidence supporting the ALJ's RFC determination that Plaintiff could frequently reach in all directions.

## IV. CONCLUSION

For the reasons addressed above, Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. The Court **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**